IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02547-GPG

JONATAN GONZALEZ HERNANDEZ,

     Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal
Operations, Denver Field Office, Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official capacity;
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity;
JUAN BALTASAR, Warden of the Denver Contract Facility, in his official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

## ORDER

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus (Petition) (D. 1).

Petitioner Jonatan Gonzalez Hernandez alleges that he is "in the physical custody of Respondents at the Denver Contract Detention Facility, otherwise known as GEO Detention Facility" (D. 1 at 2). He asserts that, "[b]y denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention pending his appeal under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the weight of authorities in this District" (*id*. at 7).

Petitioner presented sufficient allegations to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and instead purport to

1

improperly detain him under § 1225(b)(2)(A) (D. 1 at 2, 7; D. 1-2 at 4). *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (finding immigrant "not detained while attempting to enter the country and [without] other circumstances that would subject her to mandatory detention" was "entitled to a bond hearing"). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response

Petitioner's counsel is directed to serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED June 11, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge